## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOLITA MICKLE**, as Next Best Friend of D.M., a minor<br>83 K St., NW<br>Washington, DC 20001 | )<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) **Civil Action No. _____** |
| **ANGELO BRECKINRIDGE**<br>825 North Capitol St., NE<br>Washington, DC 20002 | )<br>) **NOTICE OF REMOVAL OF CIVIL ACTION**<br>)<br>)<br>) |
| and | )<br>) |
| **TIM REID**<br>825 North Capitol St., NE<br>Washington, DC 20002 | )<br>)<br>)<br>) |
| and | )<br>) |
| **JANE DOE**<br>825 North Capitol St., NE<br>Washington, DC 20002 | )<br>)<br>)<br>) |
| and | )<br>) |
| **THE DISTRICT OF COLUMBIA** | )<br>)<br>) |
| and | )<br>) |
| **GILMORE KEAN, LLC**<br>1703 3rd St., NE<br>Washington, DC 20002 | )<br>)<br>)<br>) |
| and | )<br>) |
| **DAVID GILMORE**<br>1709 3rd St., NE<br>Washington, DC 20002 | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants David Gilmore ("Gilmore") and Gilmore Kean LLC ("Gilmore Kean") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1442(a)(3), hereby notice the removal of this civil action filed on September 27, 2006 in the Superior Court of the District of Columbia, Case No. 07331-06 to the United States District Court for the District of Columbia.  In support of this Notice of Removal, Defendants Gilmore and Gilmore Kean state as follows:

1.      Defendants Gilmore and Gilmore Kean are two named Defendants in a civil action commenced by Plaintiff Lolita Mickle, as Next Best Friend of D.M., a minor ("Plaintiff") in the Superior Court of the District of Columbia, Case No. 07331-06, on September 27, 2006.

2.      Defendant Gilmore Kean was served with process on November 27, 2006. Defendant David Gilmore has not yet been formally served with process.

3.      Attached hereto as Exhibit A is a copy of the Complaint filed in Superior Court.

4.      Defendants Gilmore and Gilmore Kean are giving simultaneous written notice of the filing of this Notice of Removal to Plaintiff and are filing a Notice of Filing of Notice of Removal with the Superior Court of the District of Columbia.

5.      The United States District Court for the District of Columbia is the District Court having jurisdiction over the place where the state/District of Columbia court action is pending.

## JURISDICTION

6.      By Order dated June 25, 2003, David Gilmore was appointed as Transportation Administrator for the District of Columbia Public Schools of the District of Columbia in the case of Petties v. D.C., et al., Civil Action No. 95-0148 (PLF).  The Petties case may be considered a related case with respect to this matter.

7.      The Complaint in D.C. Superior Court Case No. 07331-06 includes counts of Negligence (Count III), "Common Carrier-Negligence" (Count IV), Negligent Supervision (Count VI), and Negligent Infliction of Emotional Distress (Count VIII) against Defendant Gilmore, and counts of Assault (Count I), Negligence (Count III), "Common Carrier-Negligence" (Count IV), Negligent Supervision (Count VI), and Negligent Infliction of Emotional Distress (Count VIII) against Defendant Gilmore Kean, based on an alleged assault and battery against minor Plaintiff "D.M." by two employees of the District of Columbia Public Schools' Division of Transportation, aboard a District of Columbia Public Schools school bus.

8.      Because Defendant David Gilmore is an officer of the courts of the United States, and because Defendants Gilmore and Gilmore Kean are being sued in Case No. 07331-06 for alleged acts under color of office or in the performance of Court-ordered duties, the action is removable to this Court pursuant to 28 U.S.C. § 1442(a)(3).

9.      Removing Defendants are providing written notice of the filing of this Notice of Removal of Civil Action to the Clerk of the Superior Court for the District of Columbia, and to counsel for Plaintiff.  A copy of Defendants' Notice of Filing Notice of Removal is attached as Exhibit B hereto.

**WHEREFORE,** Defendants David Gilmore and Gilmore Kean LLC hereby remove to this Court the case captioned as *Lolita Mickle v. Angelo Breckinridge, et al.* Case No. 07331-06, from the Superior Court of District of Columbia.

Respectfully submitted,

David W. Goewey  (D.C. Bar No. 414257)
Kenneth S. Slaughter  (D.C. Bar No. 245217)
Brian M. Hudson  (D.C. Bar No. 472358)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

***Counsel for Defendants***
***David Gilmore and Gilmore Kean LLC***

Date:   December 27, 2006

#230375v2/DC1                                                    -4-

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December 2006, a true and complete copy of the foregoing *Notice of Removal of Civil Action* was served by first-class mail, postage pre-paid, on the following:

Donald M. Temple, Esquire
Johnnie D. Bond, Jr., Esquire
DONALD M. TEMPLE, P.C.
1229 15th St., NW
Washington, D.C.  20005

*Counsel for Plaintiff*

Tim Reid
825 North Capitol Street, N.E.
Washington, D.C.  20002

*Defendant, pro se*

Office of the Attorney General
441 4th Street, N.W.
Washington, D.C.  20001

*Counsel for Defendant District of Columbia*

Angelo M. Breckinridge
825 North Capitol Street, N.E.
Washington, D.C.  20002

*Defendant, pro se*

Benjamin S. Gilmore, Esquire
1666 Connecticut Avenue, N.W.
Suite 250
Washington, D.C.  20009

_____
Brian M. Hudson

# EXHIBIT A

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (Civil Division)

RECEIVED

2006 SEP 27 P 7 27

DISTRICT OF COLUMBIA
COURTS

| | |
|---|---|
| **LOLITA MICKLE, as Next Best Friend** )<br>of D.M., a minor )<br>83 K Street, NW )<br>Washington, DC 20001 )<br> )<br>         Plaintiff, )<br> )<br>v. )<br> )<br>**ANGELO M. BRECKENRIDGE,** )<br>**Individually and in his official capacity** )<br>**as Bus Attendant for District of Columbia** )<br>825 North Capitol Street, NE )<br>Washington, DC 20002 )<br> )<br>**TIM REID,** )<br>**Individually and in his official capacity as** )<br>**Bus Driver for District of Columbia** )<br>825 North Capitol Street, NE )<br>Washington, DC 20002 )<br> )<br>**JANE DOE, Individually and in** )<br>her official capacity as )<br>**Bus Attendant for District of Columbia** )<br>825 North Capitol Street, NE )<br>Washington, DC 20002 )<br> )<br>**THE DISTRICT OF COLUMBIA** )<br>A Municipal Corporation )<br> )<br>Serve on: )<br>     Mayor Anthony Williams )<br>     Corporation Counsel )<br>     John A. Wilson Building )<br>     1350 Pennsylvania Avenue, NW )<br>     Washington, DC 20004 )<br> )<br>     Office of the Attorney General )<br>     441 4th Street, N.W. )<br> ) | **RECEIVED**<br>**Civil Clerk's Office**<br>**SEP 27 2006**<br>**Superior Court of the**<br>**District of Columbia**<br>**Washington, D.C.**<br><br><br>0007331-06<br><br>C. A. NO.: _____<br>**JURY TRIAL DEMAND** |

1

| | |
|---|---|
| Washington, DC 20001 | ) |
| | ) |
| **GILMORE KEAN, LLC** | ) |
| **OFFICE OF THE TRANSPORTATION** | ) |
| **ADMINISTRATOR** | ) |
| 1709 3rd Street, NE | ) |
| Washington, DC 20002 | ) |
| | ) |
| Serve on: | ) |
|     Benjamin S. Gilmore | ) |
|     1666 Connecticut Avenue, NW | ) |
|     Suite 250 | ) |
|     Washington, DC 20009 | ) |
| | ) |
| and | ) |
| | ) |
| **DAVID GILMORE** | ) |
| **In his official capacity as** | ) |
| **Transportation Administrator** | ) |
| 1709 3rd Street, NE | ) |
| Washington, DC 20002 | ) |
| | ) |
| Serve on: | ) |
|     Benjamin S. Gilmore | ) |
|     1666 Connecticut Avenue, NW | ) |
|     Suite 250 | ) |
|     Washington, DC 20009 | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Lolita Mickle, as Next Best Friend of D. M., a minor, by and through undersigned counsel and for her Complaint, states as follows:

## JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction of this action pursuant to D.C. Code § 11-921.

2.    The Court has personal jurisdiction over the Defendants because all Defendants reside in the District of Columbia and the incidents which are the subject of this Complaint occurred in the District of Columbia.  Venue is therefore proper within the jurisdiction of the District of Columbia.

## PARTIES

3.    Plaintiff **Lolita Mickle ("Mickle")** is the mother of D.M., a minor, and resides in the District of Columbia.

4.    Defendant **District of Columbia (the "District")** is a municipality that controls and operates the **District of Columbia Public Schools ("DCPS")** and the **District of Columbia Public Schools Division of Transportation ("DOT") (collectively referred to herein as the "District").**

5.    Defendant **David Gilmore, Transportation Administrator for DCPS ("Gilmore")** is an independent Transportation Administrator for DCPS responsible for the management and supervision of the operations of DCPS' transportation improvements to DCPS' transportation system to ensure the safe, timely and appropriate provision of transportation services to District of Columbia students with disabilities.

6.    Defendant **Gilmore Kean, LLC, Office of the Transportation Administrator for DCPS ("Gilmore LLC")** is, upon information and belief, a limited liability company organized by Defendant Gilmore to support the Transportation Administrator's duties.

7.    Defendant **Tim Reid ("Reid")** is employed as a Bus Driver for Defendant District and Gilmore LLC and was the bus driver on the dates of the incidents, which are the subject of this Complaint.

8.    Defendant **Angelo Breckenridge ("Breckenridge")** was employed as a Bus Attendant for Defendant District and Gilmore LLC and was the Bus Attendant who assaulted and injured D.M. on September 28, 2005.

9.    Defendant **Jane Doe ("Doe")** is employed as a Bus Attendant for Defendant District and Gilmore LLC and was the Bus Attendant on October 4, 2005.

## FACTUAL BACKGROUND

10.    Plaintiff D.M. is a District of Columbia student who receives special education services in the District. At the time of the incidents which are the subject of this Complaint, DM was a nine-year old student at Clark Elementary School in the District of Columbia Public Schools System (the "School"). At an early age, DM was diagnosed with ADHD, Mood Disorder, and Depression. DM takes multiple prescribed medications daily to treat his disabilities.

11.    DM commutes to and from Clark Elementary School via the DCPS, which is under the control of Defendant District.

12.    Small in physical stature, DM weighs approximately sixty-seven (67) pounds. At the time of the incident DM was approximately 4 feet and 3 inches tall.

13.    On the morning of September 28, 2005, DM boarded a school bus, which followed Route 525 (the "Bus") and was controlled and operated by Defendant Reid and Breckenridge. Defendant Breckenridge was employed and served as the Bus Attendant.

14.    Upon information and belief, Defendant Breckenridge weighs in excess of two hundred fifty (250) pounds.

15.    Defendant District failed to properly train Defendants Breckenridge, Doe and

Reid as to how to supervise, direct and transport elementary school children with special

education needs and other learning disabilities in accordance with each child's Individualized

Education Plan. Defendant District's failure to so properly train and supervise Defendants

Breckenridge, Reid and Doe created an environment in which culminated in Defendants'

physical abuse of DM and other children on the Bus.

16.     While in transport to the School, Defendant Breckenridge, with the consent and at

the order of Defendant Reid, took DM's cellular phone away from DM. Upon information and

belief, special education students are not prohibited from possessing cellular phones on the bus.

DM began to protest Breckenridge's action.

17.     When DM protested, upon information and belief, Defendant Reid commanded

Breckenridge to punish DM. At that moment, Breckenridge violently grabbed DM and forcefully

pushed his head onto the seat of the bus, and sat on DM's head and chest pressing down on DM

with his full body weight. Defendant Breckenridge pulled DM's legs back as he sat on DM's

head and chest and pressed his full weight down on DM.

18.     To the extent he was able to do so, DM began to scream, yell and cry for

Defendant Breckenridge to get off of him. In complete disregard of DM's painful suffering,

Defendant Breckenridge did not get up immediately but continued to press his full body weight

down on DM's chest and head. Defendant Breckenridge's forceful pressure caused DM's nose

to bleed and made him involuntarily urinate on himself. Breckenridge's forceful pressure also

burst a vein in DM's eye and caused his eyes to swell. Breckenridge's actions were clearly

malicious and ill-willed.

19.     At all times relevant, Defendant Reid was aware of Defendant Breckenridge's

assault and battery of DM, consented to the same and did nothing to prevent or stop the assault and battery.  Upon information and belief, Defendant Reid and Breckenridge had developed a pattern and practice of disciplining special education children on the Bus by forcefully grabbing them, forcing them to the seat of the Bus, and sitting on their heads and torsos.  Upon information and belief, Defendant District was aware or should have been aware of this practice and did nothing to discontinue or correct the practice. DM had witnessed Defendant Breckenridge and Reid punish other children on the Bus in this manner.

20.    After the event, DM de-boarded the bus crying, with urine stained pants, a bloody nose, a blood stained shirt, and a blood clotted and swollen eye in the view of his peers and teachers.

21.    Defendant District, Gilmore and Gilmore LLC assured Ms. Mickle and DM that Defendant Reid would not drive the Bus, that Breckenridge would no longer serve as Bus Attendant and that DM would be safely transported to and from school thereafter.

22.    However, DM was extremely afraid to and refused to ride the Bus to school.

23.    Ms. Mickle eventually convinced DM to ride the Bus again and escorted him to the pickup location on the morning of October 4, 2005.  On that morning, when the bus arrived to transport DM to school, Ms. Mickle and DM were shocked to find that Defendant Reid was driving the Bus.  DM initially refused to board the bus.

24.    After ensuring that Defendant Breckenridge was not on the Bus and that a new bus attendant was present, Ms. Mickle ultimately convinced DM to board the bus.

25.    On that morning, another student had carried a butcher's knife onto the Bus and was threatening to stab DM with the knife.

26.    Yet, at some point during the commute, Defendant Reid commanded Jane Doe to punish DM. Defendant Jane Doe then grabbed and battered DM. Upon information and belief, Defendant Reid ordered Jane Doe to punish DM in retaliation of Breckenridge's suspension.

27.    The culmination of these events caused DM to suffer extreme emotional distress. Later that evening, DM attempted to commit suicide and placed a knife to his throat. His grandparents were able to wrestle the knife away from DM and stop him from killing himself. They immediately rushed him to Children's National Medical Center for a psychiatric evaluation.

28.    Defendant District suspended DM's bus riding privileges in retaliation of the incident with Jane Doe. Blaming DM for the events on September 28 and October 4, 2005, Defendant District and Gilmore LLC suspended DM's bus riding privileges for conduct which, upon information and belief, related directly to his disabilities.

29.    At all times relevant, Defendants District, Gilmore LLC, and Gilmore were responsible for the policies and procedures followed by the DCPS and Gilmore LLC's bus drivers and bus attendants.

30.    District and Gilmore LLC's guiding principles state that DCPS "is committed to providing the *best safe and appropriate* transportation services" for special needs children and that DCPS "is required to provide *safe and appropriate* transportation services . . . for [students] to benefit from special education services." Further, District and Gilmore LLC's guidelines state that "all Drivers and Attendants have completed DOT training requirements designed to assist them in providing quality transportation services to [children] based on his/her need."

31.    According to District's Policy Directive, "Special Education transportation services for students with disabilities shall be monitored by DCPS on a regular basis . . ."

32.    Furthermore, District's "Special Education Transportation Standards" (the "SETS") maintain that "DCPS is committed to the provision of safe and appropriate special education transportation services to students with disabilities, in accordance with applicable local and federal law and relevant DCPS Policies and Operating Procedures. "These standards" the SETS state, "shall apply to all providers of special education transportation services for District of Columbia students with disabilities, including DCPS personnel, other DC agency personnel and contract personnel."

33.    Accordingly, Defendants District, Gilmore, Gilmore LLC, Reid, Breckenridge and Doe all violated the SETS, DCPS' policy and procedures, federal and local laws in their commission of the intentional and negligent acts and omissions above-described which resulted in the abuse, injuries and emotional distress sustained by DM in this matter.

34.    Plaintiff alleges the principle of *respondeat superior* against Defendants District and Gilmore LLC.

## COUNT I
## ASSAULT
### (Defendants District, Gilmore LLC, Breckenridge, Jane Doe and Reid)

35.    Plaintiff incorporates by reference allegations in paragraphs 1 – 34 of the Complaint as if fully stated herein.

36.    Defendant Reid caused DM to apprehend imminent physical harm when he commanded Defendant Breckenridge to punish him and when DM apprehended that Defendant Breckenridge intended to carry out Defendant Reid's command to punish him.

37.    Defendant Breckenridge caused DM to apprehend imminent physical harm and offensive contact when he intentionally and unlawfully reached out to grab DM.  DM

8

apprehended imminent physical harm as Defendant Breckenridge grabbed him and forced his head to the seat of the bus. DM suffered apprehensions of immediate harm while Defendant Breckenridge held him down and as he apprehended that Defendant Breckenridge intended to sit on his head and chest. After Defendant Breckenridge sat on him, DM suffered apprehensions of immediate harm when he apprehended that Defendant Breckenridge ignored his screams for relief and intended to hold him down further and press his weight on him more forcefully. DM suffered apprehension of immediate harm as he clung for breath and suffered the pain of a forced nose bleed and a popped eye vessel and as he lost control of his bodily functions.

38.    Defendant Doe caused DM to apprehend imminent physical harm and offensive contact when she intentionally and unlawfully reached out to offensively contact and abuse DM.

39.    As a direct and proximate result of Defendants' unlawful acts, DM suffered apprehension of immediate offensive contact. DM also suffered injuries and damages, including, but not limited to severe emotional distress, physical injury, humiliation, loss of self-esteem, fear, embarrassment, and mental anguish.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.    Compensatory damages to Plaintiff in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000);

B.    Punitive damages in excess of Two Hundred Fifty Thousand Dollars ($250,000); and

C.    Such other relief as this court deems necessary and appropriate.

## COURT II
### BATTERY
### (Defendants District, Reid, Breckenridge and Doe)

40.    Plaintiff incorporates by reference allegations in paragraphs 1 - 39 of the Complaint as if more fully stated herein.

41.    Defendant Breckenridge battered DM when he unlawfully and intentionally grabbed DM, forced his head to the seat of the bus and sat on his head and pressed his full weight on DM.

42.    Defendant Jane Doe battered DM when she unlawfully and intentionally grabbed DM and abused him.

43.    DM did not consent to Defendants' Breckenridge or Doe's unlawful, harmful or offensive contact.

44.    As a direct and proximate result of Defendants' battery, DM suffered offensive and harmful touching, fear and apprehension, injury and damages, including severe emotional distress, humiliation, loss of self-esteem, fear, embarrassment, and mental anguish.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.    Compensatory damages to Plaintiff in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000);

B.    Punitive damages in excess of Two Hundred Fifty Thousand Dollars ($250,000); and

C.    Such other relief as this court deems necessary and appropriate.

## COUNT III
## NEGLIGENCE
### (All Defendants)

45.    Plaintiff incorporates by reference allegations in paragraphs 1 - 44 of the Complaint as if fully stated herein.

46.    At all times relevant herein, Defendants Reid, Breckenridge and Doe acted under the direction and control, and pursuant to the rules, regulations, policies, and procedures of Defendant District, as implemented by the District, Gilmore and Gilmore LLC.

47.    Defendants had a duty to provide safe and appropriate transportation services for all District of Columbia students receiving special education and/or related services in compliance with national standards of care, Policy Directive 530.3, the DCPS Special Education Transportation Standards, the Operating Procedure of the DCPS Transportation Branch and the DCPS Special Education Transportation Corrective Action Plan and applicable laws and regulations, including the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, The Americans with Disabilities Act of 1990, the Rules of the Board of Education of the District of Columbia, Title 5, DC Municipal Regulations, and The Family Educational Rights and Privacy Rights Act.

48.    At all times relevant, DM was a District of Columbia student receiving special education services.

49.    Defendant Reid and Breckenridge breached their duty of care to DM by assaulting, battering, and failing to protect DM from harm in violation of the laws governing transportation, care and/or discipline of special needs students as defined by state and local law, federal law, DCPS policies and procedures and the Fourteenth and Fourth Amendments to the

11

U.S. Constitution.

50.    Defendants District, Gilmore and Gilmore LLC breached their duty to DM by failing to properly train, supervise, monitor and discipline Defendants Reid, Breckenridge, and Doe as to their duties and responsibilities in providing transportation services to DC students receiving special education services.

51.    As a direct and proximate result of the acts and omissions of Defendants, DM was assaulted, battered, falsely imprisoned, and subjected to extreme emotional distress.

52.    As a direct and proximate result of the acts and omissions of the Defendants, DM suffered injury and damages, including but not limited to, physical injury, humiliation, loss of self-esteem, fear, embarrassment, mental anguish and/or psychological trauma.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.    Compensatory damages to Plaintiff in an amount in exceed of Two Hundred Fifty Thousand Dollars ($250,000); and

B.    Such other relief as this court deems necessary and appropriate.

## COUNT IV
## COMMON CARRIER - NEGLIGENCE
**(District, Gilmore, Gilmore LLC, Reid, Breckenridge, and Doe)**

53.    Plaintiff incorporates by reference allegations in paragraphs 1 – 52 of the Complaint as if fully stated herein.

54.    Defendants District, Gilmore, Gilmore LLC, Breckenridge, Reid and Doe offer public transportation of passengers, and are therefore "common carriers" and were required to use ordinary care in carrying DM to school.

55.     Defendants breached their duty to DM when they failed to protect him from assault and battery and when they interfered with the peaceful completion of his journey to school on September 28, 2005 and October 4, 2005.

56.     As a direct and proximate result of Defendants' negligence, DM suffered assault, battery, fear, shame, physical suffering, and injuries including emotional distress, loss of self esteem and mental anguish.

**WHEREFORE,** Plaintiff demands this Court to enter judgment against Defendants jointly and severally as follows:

A.      Compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000); and

B.      Punitive damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000); and

B.      Such other relief as this Court deems necessary and appropriate.

## COUNT V
## FALSE IMPRISONMENT
### (Defendants Breckenridge and Reid)

57.     Plaintiff incorporates by reference allegations in paragraphs 1 – 56 of the Complaint as if fully stated herein.

58.     Defendant Breckenridge falsely imprisoned DM when he restrained DM by grabbing him and forcing his head onto the bus seat and sitting on DM against DM's will, without his consent and without legal justification.

59.     DM was completely rendered powerless and deprived of any freedom of movement, thus DM had no reasonable means of escaping Defendants massive body weight.

13

DM believed he was not free to move as Defendant Breckenridge continued to sit on DM despite his screams for Defendant Breckenridge to let him free.

60.    As a direct and proximate result of Defendants' conduct, DM suffered loss of liberty, injuries and damages, including, but not limited to physical suffering, fear, shame, humiliation, loss of self-esteem, embarrassment, and mental anguish.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A.    Compensatory damages to Plaintiff in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000);

B.    Punitive Damages to Plaintiff in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000); and

C.    Such other relief as this court deems necessary and appropriate.

## COUNT VI
## NEGLIGENT SUPERVISION
### (Defendants District, Gilmore and Gilmore LLC)

61.    Plaintiff incorporates by reference paragraphs 1 – 60 as if fully set forth herein.

62.    At all times relevant herein, Defendants Reid, Doe and Breckenridge acted under the direction and control, and pursuant to the rules, regulations, policies, and procedures of the District of Columbia, as implemented by Defendants District, Gilmore and Gilmore LLC.

63.    Defendants District, Gilmore LLC and Gilmore negligently failed to properly train, supervise, control, direct, monitor and discipline Defendants Reid, Doe and Breckenridge in their duties and responsibilities of supervising special education students in route to public education facilities via DCPS Transportation.  Despite their actual knowledge, Defendants

14

negligently failed to take corrective action regarding the September 28, 2005 incident in order to prevent additional harm to DM.

64.    As a direct and proximate result of Defendants' negligence, DM suffered assault, battery, fear, shame, physical suffering, and injuries including emotional distress, loss of self esteem and mental anguish.

**WHEREFORE,** Plaintiff demands this Court to enter judgment against Defendants jointly and severally as follows:

A.    Compensatory damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000); and

B.    Such other relief as this Court deems necessary and appropriate.

## COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendants Breckenridge and Reid)

65.    Plaintiff incorporates by reference paragraphs 1 through 64 as if fully set forth herein.

66.    Defendants Reid, Doe and Breckenridge's actions of physically abusing DM were intentional and outrageous and reckless toward the safety of DM.

67.    As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages, including, physical pain and suffering, serious emotional distress, humiliation, embarrassment, and loss of self esteem.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants, jointly and severally, as follows:

15

A.     Compensatory damages in an amount in excess of Two Hundred Fifty Thousand

Dollars ($250,000) and;

B.     Punitive damages in excess of Two Hundred Fifty Thousand Dollars ($250,000);

and

C.     Such other relief as the Court deems necessary and appropriate.

## COUNT VIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (District, Gilmore and Gilmore LLC)

68.     Plaintiff incorporates by reference the allegations of paragraphs 1 – 67 of the

Complaint as if fully stated herein.

69.     Defendants District, Gilmore and Gilmore LLC breached their duty of ordinary

care to providing safe and appropriate transportation of DM to school by failing to adhere to all

applicable DCPS Guidelines, Special Education Transportation Standards, local and federal laws

and relevant DCPS Policies and Operating Procedures in their transport of DM to school.

70.     Defendants' negligent failure to adhere to the standards of ordinary care resulted

in physical injury and emotional distress of DM.

71.     As a direct and proximate result of Defendants' actions, Plaintiff suffered

damages, including, physical pain and suffering, serious emotional distress, humiliation,

embarrassment, and loss of self esteem.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and

severally, as follows:

A.     Compensatory damages in an amount in excess of Two Hundred Fifty Thousand

Dollars ($250,000); and

B.    Such other relief as this court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

DONALD M. TEMPLE P.C.

By:

Donald M. Temple (Bar# 408749)
Johnnie D. Bond, Jr. (Bar# 485488)
1229 15th Street, NW
Washington, D.C. 20005
Telephone: (202) 628-1101
Facsimile: (202) 628-1149

Attorneys for Plaintiff

17

# EXHIBIT B

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | | |
|---|---|---|
| **LOLITA MICKLE, as Next Best Friend** | ) | |
| **of D.M., a minor** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07331-06** |
| **v.** | ) | |
| | ) | **Judge Jennifer M. Anderson** |
| **ANGELO M. BRECKINRIDGE, *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendants David Gilmore ("Gilmore") and Gilmore Kean LLC ("Gilmore Kean"), by undersigned counsel, hereby give notice that on the 27th day of December, 2006, they have filed a Notice of Removal of these proceedings from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The grounds for this removal are set forth in the Notice of Removal attached hereto as Exhibit A.

Respectfully submitted,

_____
David W. Goewey  (D.C. Bar No. 414257)
Kenneth S. Slaughter  (D.C. Bar No. 245217)
Brian M. Hudson  (D.C. Bar No. 472358)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

***Counsel for Defendants***
***David Gilmore and Gilmore Kean LLC***

Date:  December 28, 2006

#815420/DC2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December 2006, a true and complete copy of the foregoing *Notice of Filing of Removal of Civil Action* was served by first-class mail, postage pre-paid, on the following:

Donald M. Temple, Esquire
Johnnie D. Bond, Jr., Esquire
DONALD M. TEMPLE, P.C.
1229 15th St., NW
Washington, D.C. 20005

***Counsel for Plaintiff***

Tim Reid
825 North Capitol Street, N.E.
Washington, D.C. 20002

***Defendant, pro se***

Office of the Attorney General
441 4th Street, N.W.
Washington, D.C. 20001

***Counsel for Defendant District of
Columbia***

Angelo M. Breckinridge
825 North Capitol Street, N.E.
Washington, D.C. 20002

***Defendant, pro se***

Benjamin S. Gilmore, Esquire
1666 Connecticut Avenue, N.W.
Suite 250
Washington, D.C. 20009

_____
Brian M. Hudson