IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOLITA MICKLE, as Next Best Friend of D.M., a minor,<br><br>       Plaintiff,<br><br>v.<br><br>ANGELO M. BRECKINRIDGE, et al.,<br><br>       Defendants. | Case No. 06-CV-2238 (RBW) |

## DEFENDANT GILMORE KEAN, LLC'S MOTION TO DISMISS PLAINTIFF LOLITA MICKLE'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

COMES NOW Defendant Gilmore Kean, LLC, by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and hereby moves this Court to dismiss Plaintiff Lolita Mickle's, as Next Best Friend of D.M., Complaint for failure to state a claim upon which relief may be granted.

In support of its Motion, Defendant alleges as follows:

(1)    As an administrative body appointed by this Court in furtherance of this Court's Order of June 25, 2003, Defendant Gilmore Kean, LLC, is an officer of this Court entitled to judicial immunity and is thereby immune from suit.

(2)    Pursuant to D.C. Code § 1-109(c)(2), as an officer, employee, or agent of the United States, Gilmore Kean, LLC, is not subject to liability for the activities of the District of Columbia or its agencies, officers, employees or agents.

(3)   Pursuant to the express terms of this Court's Order of June 25, 2003, Defendant Gilmore Kean, LLC, possess the same immunity provided to District of Columbia officials and is thereby immune from this suit.

(4)   Defendant Gilmore Kean, LLC, is not the employer of defendants Reid, Breckinridge, or Doe and is therefore not subject to vicarious liability for their acts.

In further support of its Motion to Dismiss, Defendant relies upon its Memorandum of Points and Authorities filed contemporaneously herewith.

A Proposed Order reflecting Defendant's prayer for relief was also filed contemporaneously with this Motion to Dismiss.

WHEREFORE, based upon the facts and applicable law stated therein, Defendant respectfully requests the Court to dismiss the Plaintiff's Complaint in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**GILMORE KEAN, LLC**
By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
Brian C. Wilberg, Esquire
D.C. Bar No. 501538
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000;
Fax: (703) 385-1555
*Counsel for Defendants, Gilmore Kean, L.L.C. and David Gilmore*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Motion to Dismiss** was served by mail, first class, postage prepaid on the 18th day of January, 2007 to:

> Donald M. Temple, Esquire
> Donald M. Temple, P.C.
> 1229 15th Street, NW
> Washington, D.C. 2005
> *Counsel for Plaintiff*
>
> Angelo M. Breckinridge
> 825 North Capitol Street, NE
> Washington, D.C. 20002
> *Defendant Pro Se*
>
> Tim Reid
> 825 North Capitol Street, NE
> Washington, D.C. 20002
> *Defendant Pro Se*
>
> Jane Doe
> 825 North Capitol Street, NE
> Washington, D.C.
> *Defendant Pro Se*
>
> Office of the Attorney General
> 441 Fourth Street, NW, Suite 1060 N
> Washington, D.C. 20001-2700
> *Counsel for Defendant District of Columbia*

Stephen A. Horvath

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
LOLITA MICKLE, as Next Best Friend            )
of D.M., a minor,                             )
                                              )
            Plaintiff,                        )
                                              )
v.                                            )        Case No. 06-CV-2238 (RBW)
                                              )
ANGELO M. BRECKINRIDGE, et al.,               )
                                              )
            Defendants.                       )
_____              )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT GILMORE KEAN, LLC'S MOTION TO DISMISS

COMES NOW Defendant Gilmore Kean, LLC, by counsel, and pursuant to

Fed. R. Civ. P. Rule 12(b)(6), hereby submits this Memorandum of Points and

Authorities in Support of its Motion to Dismiss for failure to state a claim.  Defendant

submits this motion on the following grounds:

(1)    As an administrative body appointed by this Court in furtherance of this

       Court's Order of June 25, 2003, Defendant Gilmore Kean, LLC, is an

       officer of this Court entitled to judicial immunity and is thereby immune

       from suit.

(2)    Pursuant to D.C. Code § 1-109(c)(2), as an officer, employee, or agent

       of the United States, Gilmore Kean, LLC. Is not subject to liability for

       the activities of the District of Columbia or its agencies, officers,

       employees or agents.

(3)     Pursuant to the express terms of this Court's Order of June 25, 2003, Defendant Gilmore Kean, LLC, possess the same immunity provided to District of Columbia officials and is thereby immune from this suit.

(4)     Defendant Gilmore Kean, LLC, is not the employer of defendants Reid, Breckinridge, or Doe and is therefore not subject to vicarious liability for their acts.

Based upon the foregoing, Defendant Gilmore Kean, LLC, respectfully requests the Court to grant Defendant's Motion, and dismiss this case in its entirety as against Defendant Gilmore Kean, LLC.

I.    **Factual and Procedural Background**

This case arises out of the alleged assault and battery of D.M.,[1] a minor, onboard a school bus operated by the District of Columbia Public Schools (DCPS). The alleged assault and battery of D.M. occurred at the hands of Tim Reid, a bus driver employed by DCPS, and Angelo Breckinridge and Jane Doe, bus attendants employed by DCPS. The incidents allegedly occurred on two dates: the morning of September 8, 2005, and the morning of October 4, 2005. Both alleged incidents occurred while D.M. was riding the bus to school.

The defendant, Gilmore Kean, L.L.C. is alleged to be "a limited liability company organized by Defendant Gilmore to support the Transportation Administration's duties" (Complaint, ¶ 6). David Gilmore, who has not been served, is alleged to be "an independent Transportation Administrator for DCRS responsible for the management and supervision of DCPS' transportation improvements ...."

---

[1] As yet, D.M. has not been identified other than as a student in the District of Columbia who receives special education.

(Complaint, ¶ 5).  Pursuant to an Order of June 25, 2003 entered by this Court in Petties v. District of Columbia, Civil Action No. 95-0418, the Court found that "the parties agreed that David Gilmore and the firm of Gilmore Kean, L.L.C. possess the requisite management qualifications and experience to assume the position of transportation administrator for DCPS" and entered a Consent Order making the appointment.

The alleged September 28 incident began when Defendant Reid confiscated D.M.'s cell phone.  D.M. protested in a manner that was not made clear in the Complaint.  In response to D.M.'s protest, Defendant Reid ordered Defendant Breckinridge to restrain D.M.  The restraint involved Defendant Breckinridge grabbing D.M. and forcing him into his seat, whereupon Defendant Breckinridge sat on D.M.'s head and chest. As a result of these actions, D.M. allegedly got a bloody nose and urinated on himself.  (Complaint, ¶¶ 13-18)

The Complaint does not clearly describe the October 4 incident.  The Complaint only alleges that Defendant Doe, at the direction of Defendant Reid, grabbed and battered D.M.  (Complaint, ¶ 26)

### Procedural History

On September 27, 2006,[2] D.M., through next best friend Lolita Mickle,[3] brought suit against Reid, Breckinridge, and Doe in the Superior Court of the District of Columbia.  The suit also named as defendants the District of Columbia, David Gilmore, and Gilmore Kean, LLC.  As a result of the case of Petties v. District of

---

[2] The filing date is the day before the three-year anniversary of the first alleged assault.
[3] The meaning and standing of "next best friend" is not clear, as it finds no reference in District of Columbia law.  Throughout the Complaint, Lolita Mickle, the "next best friend of D.M." is referred to as "Plaintiff".

Columbia, Civil Action 95-0148 (PLF), the United States District Court for the District of Columbia entered an Order on June 25, 2003, appointing David Gilmore the "independent Transportation Administrator for DCPS and appointing Gilmore Kean, LLC, as a supporting entity for that position (hereinafter "Order of June 25, 2003"). Petties v. District of Columbia, 268 F. Supp. 2d 38 (2003). It is in their court-appointed official capacities that David Gilmore, has been sued.

The plaintiff served process upon Defendants District of Columbia and Gilmore Kean, LLC. The plaintiff attempted but failed to properly serve Defendants Reid, Breckinridge, and David Gilmore within sixty (60) days of filing the Complaint as is required under Rule 4(m) of the District of Columbia Superior Court Rules of Civil Procedure. (Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to File Motion for Extension of Time to Serve Complaint.) The plaintiff moved the Superior Court for leave to file a motion to extend time to serve the Complaint. The Superior Court denied the plaintiff's motion. Thus, the only defendants properly served in this case are the District of Columbia and Gilmore Kean, LLC.

The Complaint lists eight counts. Count I (Assault) and Count II (Battery) allege the acts taken by Defendants Reid, Breckinridge, and Doe to restrain D.M. Count III (Negligence) alleges that all of the defendants breached their duty of care toward D.M. by failing to protect him from harm. Count IV (Common Carrier Negligence) alleges that the defendants were common carriers and breached their duty as common carriers to protect D.M. from harm by failing to protect him from assault and battery. Count V (False Imprisonment) alleges that Defendants Reid

and Breckinridge restrained D.M. without justification.    Count VI (Negligent Supervision) alleges that Defendants District of Columbia, David Gilmore, and Gilmore Kean, LLC, failed to properly train and supervise Defendants Reid, Breckinridge, and Doe, which led to the assault and battery of D.M.    Count VII (Intentional Infliction of Emotional Distress) alleges the acts taken by Defendants Reid, Breckinridge, and Doe were intentional, outrageous, and reckless.    Count VIII (Negligent Infliction of Emotional Distress) alleges that Defendants District of Columbia, David Gilmore, and Gilmore Kean, LLC, failed to adhere to appropriate guidelines, policies and laws regarding DCPS Transportation, resulting in D.M. suffering emotional distress.

Because David Gilmore and Gilmore Kean, LLC, are officers of a United States District Court, the case was removed to this Court pursuant to 28 U.S.C. § 1442(a)(3).    Notably, however, no claims allege any civil rights violations or any other violations of the Constitution or federal law.

## II.    Legal Analysis

Under Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is proper if the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.    Kowal v. MCI Communications Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994).    In the case at bar, the plaintiff cannot be entitled to relief as against Gilmore Kean because Gilmore Kean is immune from suit under principles of judicial immunity and sovereign immunity.    The Court must therefore dismiss all claims against Gilmore Kean in this case.

A.    Defendant Gilmore Kean, LLC, is an officer of this Court entitled to judicial immunity.

"The absolute immunity of judges from suit for damages for acts done within the scope of their judicial functions is well established at common law and has been repeatedly affirmed by the Supreme Court." Capitol Terrace, Inc. v. Shannon & Luchs, Inc., 564 A.2d 49, 51 (D.C. 1989) (citing Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)).

> The purpose behind this immunity is to protect the independence [**6] of judicial decision-making and to ensure that important decisions are made without fear of personal liability or harassment by vexatious actions. Courts have long recognized that litigants dissatisfied with the outcome of judicial proceedings will be tempted to accuse the judge, as decisionmaker, of possessing improper motives. Collateral actions of this sort would prevent the proper functioning of the judicial system. The doctrine thus protects judges "against the consequences of their erroneous or irregular action, from whatever motives proceeding." The judge is subject to liability for damages only when he has acted in the "clear absence of all jurisdiction."

Capitol Terrace, 564 A.2d at 51 (citations omitted).

"[L]ike immunity extends to other officers of government whose duties are related to the judicial process." Barr v. Matteo, 360 U.S. 564, 569 (1959). Case law has consistently held that court-appointed receivers are officers of the court entitled to judicial immunity as long as they are acting within the scope of their authority as outlined in the court order. Valdez v. Denver, 878 F.2d 1285, 1287-1288 (10th Cir. 1989) (recognizing that the power to execute judicial decrees is no less an important and integral part of the judicial process than the roles of those officials previously afforded absolute immunity) (citing T & W Inv. Co., Inc. v. Kurtz, 588 F.2d 801, 802-

03 (10th Cir. 1978)); Property Mgmt. & Invest., Inc. v. Lewis, 752 F.2d 599 (11th Cir.

1985); Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1, 3 (1st

Cir. 1976) ("At the least, a receiver who faithfully and carefully carries out the orders

of his appointing judge must share the judge's absolute immunity.  To deny him this

immunity would seriously encroach on the judicial immunity already recognized by

the Supreme Court."); Bradford Audio Corp. v. Pious, 392 F.2d 67 (2d Cir. 1968).

"[C]ourt officers sworn to execute court orders are shielded by absolute immunity in

the performance of their duty." Valdez, 878 F.2d at 1285.

In this case, David Gilmore and Gilmore Kean were appointed by court order

to execute the Court's orders with respect to the improvement of DCPS

Transportation.  (Court Order of June 25, 2003.)  Although the Court named David

Gilmore the "independent Transportation Administrator", the role is functionally that

of a receiver.

> A receiver is an indifferent person between parties, appointed by the
> court to receive the rents, issues or profits of land, or other thing in
> question in this court, pending the suit, where it does not seem
> reasonable to the court that either party should do it.  He is an officer of
> the court; his appointment is provisional.  He is appointed in behalf of
> all parties, and not of the complainant or of the defendant only.  He is
> appointed for the benefit of all parties who may establish rights in the
> cause.  The money in his hands is in custodia legis for whoever can
> make out a title to it.  It is the court itself which has the care of the
> property in dispute.  The receiver is but the creature of the court; he
> has no powers except such as are conferred upon him by the order of
> his appointment and the course and practice of the court.

Atlantic Trust Co. v. Chapman, 208 U.S. 360, 370-371 (U.S. 1908) (internal citations

omitted).  In its Order of June 25, 2003, this Court conferred similar duties and

powers upon David Gilmore and Gilmore Kean:

ORDERED, based on the Special Master's Recommendation for Entry of a Consent Order and the Parties' agreement, the position of an independent Transportation Administrator (herein "Transportation Administrator" or "Administrator") is created under terms and conditions set forth below; and it is

FURTHER ORDERED that David Gilmore is appointed as the independent Transportation Administrator with Gilmore Kean, LLC, to provide support for that position.

A. TRANSPORTATION ADMINISTRATOR'S DUTIES
The independent Transportation Administrator's duties shall include, but are not limited to the following:

1. To transform DCPS Transportation into a transportation entity that consistently provides safe and appropriate transportation services to eligible special education students in compliance with, inter alia, the Orders of this case, including the Petties Transportation Plan, the Petties Transportation Standards, and relevant statutory provisions;

2. To oversee, supervise and direct all financial, administrative, and personnel functions of DCPS Transportation, including payroll, labor relations, employee benefits, training, procurement and facilities management;

3. To preserve, protect, and administer all property and assets of DCPS Transportation, with the Transportation Administrator recognizing and preserving the District of Columbia's ownership interests in real property administered by the Transportation Administrator;

4. To develop and improve management systems, performance standards, recruitment, training and employee-management relations .
. .

10. To report to the Court every six months or more often as necessary
. . .

11. To contemporaneously provide all Parties and the Special Master with copies of any communication filed with the Court.

B. POWERS AND AUTHORITY
After consultation with the Superintendent, the Transportation Administrator shall have the power and authority necessary, and consistent with applicable law and this Order, to carry out his duties and responsibilities. These include:

1. The authority to develop and make budget recommendations for DCPS Transportation and to work with the Superintendent, the District of Columbia Board of Education, the Mayor, the Chief Financial Officer, the City Council, and the United States Congress in negotiating and securing approval for the budget;

2. The authority to reform and restructure the DCPS transportation system;

3. The authority to establish personnel policies; to create, modify, abolish, or transfer positions; to hire, terminate, promote, transfer, evaluate, and set compensation for staff. The Transportation Administrator shall not modify employees' current pension benefits;

4. The authority to negotiate new, and renegotiate existing, contracts, agreements, and memoranda of understanding; and to act as a contracting officer as permitted or required by law. The Transportation Administrator shall inform the Court whenever an established contract, agreement or provision(s) thereof clearly prevent the Transportation Administrator from carrying out the duties and responsibilities set forth in this Order;

5. Authority to acquire, modernize, repair, lease and make recommendations for the disposal of property and equipment within DCPS Transportation's authority;

6. Authority to apply for and receive funds from public and private sources, including grant funding, and to expend funds in fulfillment of the duties and authorities in this Order, and within the constraints set forth herein . . .

9. The Transportation Administrator shall act in a manner consistent with the Orders, standards and other requirements of this case . . .

13. The Transportation Administrator shall be responsible for the entire DCPS Transportation Division, which has historically provided transportation services to some students who are not eligible for transportation as a related service, e.g. field trips, etc. The Transportation Administrator may, and is expected to, provide transportation services for these students. . . .

C. FUNDING AND FINANCIAL DUTIES AND AUTHORITIES

1. Unless modified by the Court, the Transportation Administrator shall not expend funds in excess of $ 61.203 million (sixty-one million two

hundred and three thousand dollars), the approximate amount expended in fiscal year 2002, for any fiscal year . . .

7. The Transportation Administrator shall expend funds described herein only for the purposes contained in this Order; and

8. The Transportation Administrator shall strive to identify and eliminate inefficiencies and waste within DCPS Transportation.

D. OTHER PROVISIONS

3. . . . The Transportation Administrator's decision and actions shall be binding on Defendants, unless and until modified by the Court . . .

5. Upon Order of the Court, the Transportation Administrator shall have such other authority as necessary to carry out his duties and responsibilities . . .

Petties v. District of Columbia, 268 F. Supp. 2d 38, 40-45 (D.D.C. 2003).

The Court's Order of June 25, 2003, makes it very clear that David Gilmore and Gilmore Kean were appointed solely to carry out the Court's Orders in effecting the efficient and proper administration of DCPS Transportation.  David Gilmore and Gilmore Kean are bound by the Court's Order to carry out the duties assigned them therein, and they are limited to the powers and authority therein prescribed. Furthermore, the Transportation Administrator is subject to continued Court oversight.

David Gilmore and Gilmore Kean are officers of the court, to execute court orders and entitled to judicial immunity.  The plaintiff's complaint names David Gilmore and Gilmore Kean solely in their official capacity and does not allege that they acted outside the scope of their authority as court-appointed officers at any time.  Thus, David Gilmore and Gilmore Kean are shielded by absolute judicial immunity and are thereby immune to the claims in this suit.

B.    Pursuant to D.C. Code § 1-109(c)(2), as an officer, employee, or agent of the United States, Gilmore Kean, LLC, shall not be subject to liability for the activities of the District of Columbia or its agencies, officers, employees or agents.

D.C. Code § 1-109(c)(2) provides, "The United States, its officers, employees, and agents . . . shall not . . . [b]e subject to liability in any case on the basis of the activities of the District of Columbia or its agencies, officers, employees, or agents . . . ." In this Court's Order of June 25, 2003, this Court created the position "Transportation Administrator" as an officer charged with executing the duties assigned and overseen by the Court. The Transportation Administrator is therefore an officer or agent of this United States District Court and is, thus, an officer or agent of the United States. As such, the Transportation Administrator is not subject to liability on the basis of the activities of District of Columbia or its agencies, officers, employees, or agents. D.C. Code § 1-109(c)(2) (2006).

Gilmore Kean is an LLC, which qualifies as a "person" under 1 U.S.C. § 1, and a United States "officer" is "any person authorized by [federal] law to perform the duties of the office." 1 U.S.C. § 1 (2006). The Court's Order of June 25, 2003, was a federal court order that appointed David Gilmore as the Transportation Administrator and appointed Gilmore Kean to provide support for that position. David Gilmore and Gilmore Kean are therefore officers or agents of the United States.[4] Furthermore, the sole bases of the claims against David Gilmore and

---

[4] See also 28 U.S.C. § 2671, which lists the judicial branch of the United States as a "Federal agency", and deems "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation" employees of the United States government.

Gilmore Kean are the alleged activities of DCPS, an agency of the District of Columbia, and defendants Reid, Breckinridge, and Doe, employees of the District of Columbia.    Because activities of an agency and employees of the District of Columbia form the sole bases for liability in this case, David Gilmore and Gilmore Kean, as officers or agents of the United States, cannot be subject to liability according to D.C. Code § 1-109(c)(2).  The Court must therefore dismiss all claims against David Gilmore and Gilmore Kean.

C.    Pursuant to the express terms of this Court's Order of June 25, 2003, Defendant Gilmore Kean, LLC, possesses the same immunity provided to District of Columbia officials and is thereby immune from suit.

The Court's Order of June 25, 2003, stated, "The Transportation Administrator shall have the same immunity provided to the District of Columbia public officials . . . ."  Under D.C. Code § 1-109, the District of Columbia is entitled to sovereign immunity, as are its agencies, officers, employees, and agents.[5] Sovereign immunity, however, applies "'only if the act complained of was committed in the exercise of a discretionary function . . . .'"  McKethean v. Washington Metro. Area Transit Auth., 588 A.2d 708, 715 (D.C. 1991) (quoting Wade v. District of Columbia, 310 A.2d 857, 860 (D.C. 1973)).  "Discretionary acts include administrative decisions 'establishing plans, specifications, or schedules of operations.'"  McKethean, 588 A.2d at 715 (quoting Dalehite v. United States, 346

---

[5] As a preliminary matter, D.C. Code 12-309 provides, "An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage."  There is no indication that the plaintiff has complied with this requirement.

U.S. 15, 36 (1973)).  "As the Supreme Court has stated, 'Where there is room for policy judgment and decision, there is discretion.'"  Id. at 715.

In this case, the plaintiff's complaint alleges that David Gilmore and Gilmore Kean failed to properly train, supervise, control, direct, monitor, and discipline defendants Reid, Breckinridge, and Doe.[6]  Control, direction, monitoring, and discipline are all elements of supervision.  Supervision, even of day-to-day operations, is a discretionary function that greatly involves the exercise of judgment and choice.  See United States v. Gaubert, 499 U.S. 315 (1991) (holding that federal bank regulators were within the discretionary function exemption of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, for supervisory activities undertaken in advising and overseeing operation of a thrift institution).  Training decisions are also discretionary in nature and are thus immune from judicial review.  Burkhart v. Washington Metro. Area Transit Auth., 324 U.S. App. D.C. 241, 112 F.3d 1207 (D.C. Cir. 1997).

> [S]upervision decisions involve a complex balancing of budgetary considerations, employee privacy rights, and the need to ensure public safety. The extent of training with which to provide employees requires consideration of fiscal constraints, public safety, the complexity of the task involved, the degree of harm a wayward employee might cause, and the extent to which employees have deviated from accepted norms in the past. Such decisions are surely among those involving the exercise of political, social, or economic judgment.

Id. at 1217 (citing Kirchmann v. United States, 8 F.3d 1273, 1277 (8th Cir. 1993) (holding that supervision of government contractors is a "discretionary function"); Tonelli v. United States, 60 F.3d 492, 496 (stating that "issues of employee supervision and retention generally fall within the discretionary function exception");

---

[6] The Court's Order of June 25, 2003, granted the *independent* Transportation Administrator broad discretion to oversee, supervise and direct the improvement of DCPS Transportation.

K.W. Thompson Tool Co. v. United States, 836 F.2d 721 (1st Cir. 1988) (holding that "failure to properly train and supervise EPA personnel" falls within the discretionary function exception)).  Thus, the training and supervisory decisions of David Gilmore and Gilmore Kean are discretionary functions cloaked with sovereign immunity; therefore, David Gilmore and Gilmore Kean are immune from suit in this case.

D.    Defendant Gilmore Kean, LLC, is not the employer of defendants Reid, Breckinridge, or Doe and is therefore not subject to vicarious liability for their acts.

It is axiomatic that an employer may be held vicariously liable for the acts of its employees if those acts were committed within the scope of employment.  In order to find an employer vicariously liable for an employee's acts, a court must first determine that an employer-employee, or "master-servant" relationship in fact exists. Greene v. Amritsar Auto Servs. Co., 206 F. Supp. 2d 4, 8 (D.D.C. 2002) (citing Dovell v. Arundel Supply Corp., 124 U.S. App. D.C. 89, 361 F.2d 543, 544 (D.C. Cir. 1966); Safeway Stores, Inc. v. Kelly, 448 A.2d 856, 860 (D.C. 1982)).  "Whether an employer-employee relationship exists is generally a question of fact."  Greene, 206 F. Supp. at 8.  As a matter of law, however, "[a] public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties." Robertson v. Sichel, 127 U.S. 507, 515-16 (1888); see also Haynesworth v. Miller, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1259 (D.C. Cir. 1987) ("public officials are not vicariously responsible for the acts of their subordinates") overruled on other

*grounds by* <u>Hartman v. Moore</u>, 126 S. Ct. 1695 (2006).  In <u>Haynesworth</u>, this court also stated, "Analytically, high-level public officials, are not employers of their subordinates but rather are fellow governmental servants, and it thus is inappropriate to hold them liable on the basis of respondeat superior." <u>Id.</u> at 1259.

Gilmore Kean is a public officer or agent, appointed by this United States District Court.  As such, Gilmore Kean is not considered the employer of defendants Reid, Breckinridge, or Doe as a matter of law.  Gilmore Kean is therefore not subject to respondeat superior liability for the acts of Reid, Breckinridge, or Doe.  Furthermore, as a public officer or agent, Gilmore Kean cannot be held liable for the tortious acts of its subordinates, assuming the Court could find Reid, Breckinridge, or Doe to be subordinate to Gilmore Kean in any way.  Thus, no claim for liability lies against Gilmore Kean on the basis of acts committed by alleged employees or subordinates of Gilmore Kean, and the Court must dismiss such claims as against Gilmore Kean.

## III.    Conclusion

As an administrative body appointed by this United States District Court, Gilmore Kean, LLC, is an officer of this Court and is thereby entitled to judicial immunity.  Pursuant to D.C. Code § 1-109, because Gilmore Kean, LLC, was appointed by a federal court to act in furtherance of that court's orders and objectives, Gilmore Kean, LLC, is an officer, employee, agent, or agency of the United States and is therefore not subject to liability for the activities of the District of Columbia or its agencies, officers, employees, or agents, which form the sole basis for this suit.  Furthermore, pursuant to this Court's Order of June 25, 2003, Gilmore

Kean, LLC is entitled to the same immunity as a District of Columbia public official and is thereby entitled to sovereign immunity in this case. Finally, as a matter of law, Gilmore Kean, LLC, is not the employer of defendants Reid, Breckinridge, or Doe, nor is it otherwise responsible for their acts; therefore, Gilmore Kean, LLC, cannot be held liable for the claims alleged, and no relief can be granted to the plaintiff as against Gilmore Kean, LLC.

This Court must therefore dismiss all claims against Gilmore Kean, LLC, in this case, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**GILMORE KEAN, LLC**
By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C

Stephen A. Horvath, Esquire
D.C. Bar No. 417137
Brian C. Wilberg, Esquire
D.C. Bar No. 501538
3920 University Drive
Fairfax, Virginia 22030
Phone: (703) 385-1000;
Fax: (703) 385-1555
*Counsel for Defendants, Gilmore Kean, L.L.C. and David Gilmore*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Memorandum of Points and Authorities in Support of Motion to Dismiss** was served electronically on the 18th day of January, 2007 to:

Donald M. Temple, Esquire
Donald M. Temple, P.C.
1229 15th Street, NW
Washington, D.C.  2005
*Counsel for Plaintiff*

Angelo M. Breckinridge
825 North Capitol Street, NE
Washington, D.C.  20002
*Defendant Pro Se*

Tim Reid
825 North Capitol Street, NE
Washington, D.C.  20002
*Defendant Pro Se*

Jane Doe
825 North Capitol Street, NE
Washington, D.C.
*Defendant Pro Se*

Office of the Attorney General
441 Fourth Street, NW, Suite 1060 N
Washington, D.C.  20001-2700
*Counsel for Defendant District of Columbia*

Stephen A. Horvath

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE  •  FAIRFAX, VIRGINIA 22030-2514  •  (703) 385-1000  •  FAX (703) 385-1555

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOLITA MICKLE, as Next Best Friend of D.M., a minor, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 06-CV-2238 (RBW) |
| ANGELO M. BRECKINRIDGE, et al., ) ) | |
| Defendants. ) ) | |

## ORDER

Upon consideration of Defendant Gilmore Kean, LLC's Motion to Dismiss the Complaint, the Memorandum of Points and Authorities in Support Thereof, the parties' opposition and reply memoranda, and the entire record herein, and it appearing that the relief sought should be granted, it is hereby:

ORDERED that Defendant Gilmore Kean, LLC's Motion to Dismiss the Complaint is hereby GRANTED, and the Complaint is DISMISSED with prejudice, with respect to Defendant Gilmore Kean, LLC.

Entered this date of: _____

_____
The Honorable Reggie B. Walton
United States District Judge