UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
LOLITA MICKLE, as Next Best            )
Friend of D.M., a Minor,               )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )   No.  06-CV-2238 (RBW)
                                       )
ANGELO BRECKINRIDGE, et al.,           )
                                       )
            Defendants.                )
_____)
```

**ORDER**

On September 27, 2006, the plaintiff, Lolita Mickle, as Next Best Friend of D.M., a Minor, filed a complaint in the Superior Court of the District of Columbia alleging that her child was injured by the defendants, Angelo Breckinridge and Jane Doe, who were employed as bus attendants during events that occurred when special needs child D.M. was being transported to school.  Notice of Removal of Civil Action, Exhibit A Complaint ("Compl.") ¶¶ 8-26, 36-44. The plaintiff also named as defendants, the District of Columbia ("the District"), as a municipality that controls and operates the District of Columbia Public Schools ("DCPS") and the District of Columbia Division of Transportation ("DOT"); David Gilmore, Transportation Administrator for the DCPS; Gilmore Kean, LLC, a company organized by defendant Gilmore to support the Transportation Administrator's duties; and Tim Reid, who was employed as a bus driver by the District and Gilmore LLC, and was the driver of the bus when the events that are the subject of the complaint filed in this case occurred. Id. ¶¶ 4-7.  On December 27, 2006, defendants David Gilmore and Gilmore Kean LLC filed a Notice of Removal, claiming that this action was removable to this Court pursuant to 28 U.S.C. § 1442(a)(3) (2000).  Notice of

Removal of Civil Action at 2. Specifically, these defendants claimed that this Court has jurisdiction because defendant Gilmore was appointed as Transportation Administrator for the DCPS in the case of Petties v. D.C., Civil Action No. 95-0148 (PLF), which was then pending in this Court, and "the Petties case may be considered a related case with respect to this matter." Id. ¶ 6.

Currently before the Court is the plaintiff's unopposed motion to remand this matter to the Superior Court of the District of Columbia. Consent Motion to Remand to Superior Court ("Consent Mot.") at 1. Specifically the plaintiff requests that this Court remand this action because this Court no longer has subject matter jurisdiction in this matter. The plaintiff posits that this Court is now without jurisdiction because on June 5, 2007, the plaintiff and defendants Gilmore, Transportation Administrator for DCPS, and Gilmore Kean LLC filed a voluntary Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41 in the instant action. Id.; see Rule 41 Stipulation of Dismissal with Prejudice at 1. Subsequently, the claims against defendants Gilmore and Gilmore Kean LLC were dismissed with prejudice. Id. As a result of their dismissal, the plaintiff states that "this Court no longer has an independent basis for subject matter jurisdiction." Consent Mot. ¶ 3. Upon consideration of the position advanced in the plaintiff's consent motion to remand this matter to the Superior Court, it is hereby this __ day of August, 2007

**ORDERED** that this case shall be remanded to the Superior Court of the District of Columbia because there is no basis for this Court having subject matter jurisdiction in this action.

**SO ORDERED** this 3rd day of August, 2007.

_____
Reggie B. Walton
United States District Judge